FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
Jun 04, 2019
JAMES W. McCORMACK, CLERK
By: Forrest Dunn, D.C.
DEP CLERK

# TRANSFER OF JURISDICTION

| | |
|---|---|
| DOCKET NUMBER (Tran. Court) | 5:10CR50119-001 |
| DOCKET NUMBER (Rec. Court) | 4:19-CR-238-BSM |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| KIMBERLY K. O'DELL | Western District of Arkansas | Fayetteville Division |

| NAME OF SENTENCING JUDGE |
|---|
| Honorable Jimm Larry Hendren; on May, 17 2019, the case was reassigned to the Honorable Timothy L. Brooks |

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM 04/16/2019 | TO 04/15/2022 |
|---|---|---|

**OFFENSE**

Wire Fraud, in violation of 18 U.S.C. § 1343
Money Laundering, in violation of 18 U.S.C. §§ 1957 and 2
Misuse of Department of Treasury Names and Symbols, in violation of 31 U.S.C. § 333

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE __WESTERN__ DISTRICT OF __ARKANSAS__

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the __Eastern District of Arkansas__ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

5-20-19
Date

Honorable Timothy L. Brooks
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE __EASTERN__ DISTRICT OF __ARKANSAS__

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

5-24-19
Effective Date

United States District Judge

USDC Arkansas Western

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

NOV 0 4 2010

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 5:10CR50119-001 |
| | ) | |
| v. | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1957 |
| KIMBERLY K. O'DELL | ) | 18 U.S.C. § 2 |

## INDICTMENT

The Grand Jury Charges:

At all times relevant to this indictment:

1. The Defendant, **KIMBERLY K. O'DELL**, (hereinafter O'Dell), during the time of this scheme, resided in the Western District of Arkansas.

2. O'Dell was a Certified Public Accountant, who worked in the Fayetteville, Arkansas accounting firm she founded, O'Dell & Associates.

3. In her professional capacity, O'Dell provided general accounting services to clients in the Northwest Arkansas area. Those services included bookkeeping services.

4. In or about 1998, O'Dell began providing bookkeeping services to the University of Arkansas, Fayetteville chapter of the Phi Delta Theta Fraternity (PDT), O'Dell continued to provide bookkeeping services to PDT through August 2008.

5. O'Dell had signatory authority for the PDT checking account at Bank of America, account number: xxxx-xxxx-1422.

6. O'Dell wrote PDT checks, received all PDT bank statements, and was charged with the regular reconciliation of the PDT bank account.

USDC Arkansas Western

7. O'Dell also provided accounting services from approximately 1998 to 2008 to Thomas Terminella and his company, Terminella & Associates, Inc. (Terminella), located in Fayetteville, Arkansas.

8. O'Dell handled approximately twelve Terminella business accounts, some of which were held at First State Bank.

9. The First State Bank accounts pertinent to this indictment are: xxxx-570 and xxxx-228.

10. O'Dell utilized an American Express Credit Account, opened in the name O'Dell & Associates, number xxxx-xxxxxx-02001.

## THE SCHEME TO DEFRAUD

11. From November 2005 through September 2008, the exact dates being unknown to the Grand Jury, within the Western District of Arkansas and elsewhere, defendant **KIMBERLY K. O'DELL**, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud persons known and unknown to the Grand Jury, and to obtain money from those persons by means of materially false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

As part of the scheme and artifice to defraud:

12. Defendant **KIMBERLY K. O'DELL** transferred money, without authorization, from victim client's bank accounts via telephone transfers and online computer transfers, to her O'Dell & Associates American Express Account number xxxx-xxxxxx-02001.

13. O'Dell also took money without authorization from victim client's bank accounts by writing checks on her client's bank accounts to herself and her accounting firm O'Dell & Associates.

USDC Arkansas Western

14. Bank records indicate that during the indictment time period, O'Dell obtained $1,561,069.96 via her client's accounts.

15. None of the above transfers were authorized by the victim account holders.

## COUNT 1

16. The Grand Jury repeats and re-alleges the allegations contained in paragraphs 1 through 15 of this Indictment, as though fully set forth herein.

17. On or about the 29th day of December, 2005, in the Western District of Arkansas and elsewhere, Defendant **KIMBERLY K. O'DELL**, for the purpose of executing the aforementioned scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations and promises, did cause monies to be transmitted by means of wire communication in interstate commerce, to wit: $25,000.00 from Terminella's bank account at First State Bank, Fayetteville, Arkansas, number xxx0228 to O'Dell's American Express account, Weston, Florida, number xxxx-xxxxxx-02001, all in violation of Title 18, United States Code, § 1343.

## COUNT 2

18. The Grand Jury repeats and re-alleges the allegations contained in paragraphs 1 through 15 of this Indictment, as though fully set forth herein.

19. On or about the 25th day of January, 2006, in the Western District of Arkansas and elsewhere, Defendant **KIMBERLY K. O'DELL**, for the purpose of executing the aforementioned scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations and promises, did cause monies to be transmitted by means of wire communication in interstate commerce, to wit: $21,000.00 from Terminella's bank account at First State Bank,

USDC Arkansas Western

Fayetteville, Arkansas, number xxx0228 to O'Dell's American Express account, Weston, Florida, number xxxx-xxxxxx-02001, all in violation of Title 18, United States Code, § 1343.

## COUNT 3

20. The Grand Jury repeats and re-alleges the allegations contained in paragraphs 1 through 15 of this Indictment, as though fully set forth herein.

21. On or about the 31st day of December, 2006, in the Western District of Arkansas and elsewhere, Defendant **KIMBERLY K. O'DELL**, for the purpose of executing the aforementioned scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations and promises, did cause monies to be transmitted by means of wire communication in interstate commerce, to wit: $29,167.50 from Terminella's bank account at First State Bank, Fayetteville, Arkansas, number xxx0570 to O'Dell's American Express account, Weston, Florida, number xxxx-xxxxxx-02001, all in violation of Title 18, United States Code, § 1343.

## COUNT 4

22. The Grand Jury repeats and re-alleges the allegations contained in paragraphs 1 through 15 of this Indictment, as though fully set forth herein.

23. On or about the 17th day of September, 2007, in the Western District of Arkansas and elsewhere, Defendant **KIMBERLY K. O'DELL**, for the purpose of executing the aforementioned scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations and promises, did cause monies to be transmitted by means of wire communication in interstate commerce, to wit: $10,000.00 from Phi Delta Theta fraternity's account at Bank of America, Fayetteville, Arkansas, number xxxx-xxxx-1422 to O'Dell's American Express account,

4

Weston, Florida, number xxxx-xxxxxx-02001, all in violation of Title 18, United States Code, § 1343.

## COUNT 5

24. The Grand Jury repeats and re-alleges the allegations contained in paragraphs 1 through 15 of this Indictment, as though fully set forth herein.

25. On or about the 30th day of October, 2007, in the Western District of Arkansas and elsewhere, Defendant **KIMBERLY K. O'DELL**, for the purpose of executing the aforementioned scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations and promises did cause monies to be transmitted by means of wire communication in interstate commerce, to wit: $12,000.00 from Phi Delta Theta fraternity's account at Bank of America, Fayetteville, Arkansas, number xxxx-xxxx-1422 to O'Dell's American Express account, Weston, Florida, number xxxx-xxxxxx-02001, all in violation of Title 18, United States Code, § 1343.

## COUNT 6

26. The Grand Jury repeats and re-alleges the allegations contained in paragraphs 1 through 15 of this Indictment, as though fully set forth herein.

27. On or about the 30th day of January, 2008, in the Western District of Arkansas and elsewhere, Defendant **KIMBERLY K. O'DELL**, for the purpose of executing the aforementioned scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations and promises, did cause monies to be transmitted by means of wire communication in interstate commerce, to wit: $15,000.00 from Phi Delta Theta fraternity's account at Bank of America, Fayetteville, Arkansas, number xxxx-xxxx-1422 to O'Dell's American Express account,

5

Weston, Florida, number xxxx-xxxxxx-02001, all in violation of Title 18, United States Code, § 1343.

## COUNT 7

28. The Grand Jury repeats and re-alleges the allegations contained in paragraphs 1 through 15 of this Indictment, as though fully set forth herein.

29. On the 29th day of December, 2005, in the Western District of Arkansas and elsewhere, Defendant **KIMBERLY K. O'DELL**, did knowingly engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is by causing a $25,000.00 monetary transaction to be conducted through a financial institution using proceeds obtained via fraud by wire, in violation of Title 18, United States Code, § 1957(a) and Title 18, United States Code, § 2.

## COUNT 8

30. The Grand Jury repeats and re-alleges the allegations contained in paragraphs 1 through 15 of this Indictment, as though fully set forth herein.

31. On the 31st day of December, 2006, in the Western District of Arkansas and elsewhere, Defendant **KIMBERLY K. O'DELL**, did knowingly engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is by causing a $29,167.50 monetary transaction to be conducted through a financial institution using proceeds obtained via fraud by wire, in violation of Title 18, United States Code, § 1957(a) and Title 18, United States Code, § 2.

USDC Arkansas Western

## COUNT 9

32. The Grand Jury repeats and re-alleges the allegations contained in paragraphs 1 through 15 of this Indictment, as though fully set forth herein.

33. On the 30th day of October, 2007, in the Western District of Arkansas and elsewhere, Defendant **KIMBERLY K. O'DELL**, did knowingly engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is by causing a $12,000.00 monetary transaction to be conducted through a financial institution using proceeds obtained via fraud by wire, in violation of Title 18, United States Code, § 1957(a) and Title 18, United States Code, § 2.

## COUNT 10

34. The Grand Jury repeats and re-alleges the allegations contained in paragraphs 1 through 15 of this Indictment, as though fully set forth herein.

35. On the 30th day of January, 2008, in the Western District of Arkansas and elsewhere, Defendant **KIMBERLY K. O'DELL**, did knowingly engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is by causing a $15,000.00 monetary transaction to be conducted through a financial institution using proceeds obtained via fraud by wire, in violation of Title 18, United States Code, § 1957(a) and Title 18, United States Code, § 2.

USDC Arkansas Western

A True Bill.

/s/ Grand Jury Foreperson
Foreperson

DEBORAH GROOM
UNITED STATES ATTORNEY

By: /s/ Wendy L. Johnson

Wendy L. Johnson
Assistant U.S. Attorney
Arkansas Bar No. 94067
P. O. Box 1524
Fort Smith, AR 72902
(479) 783-5125

8

USDC Arkansas Western

# UNITED STATES DISTRICT COURT

| WESTERN | District of | ARKANSAS |
|---|---|---|

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| KIMBERLY K. O'DELL | Case Number: 5:10CR50119-001 |
| | USM Number: 32005-034 |
| | Kenneth L. Osborne |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)   One (1) through Eleven (11) of the Superseding Indictment on September 8, 2011

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 01/30/2008 | 1 through 6 |
| 18 U.S.C. §§ 1957 and 2 | Money Laundering | 01/30/2008 | 7 through 10 |
| 31 U.S.C. § 333 | Misuse of Department of Treasury Names or Symbols | 07/07/2008 | 11 |

    The defendant is sentenced as provided in pages 2 through ___6___ of this judgment, with the court considering the guidelines as non-binding and advisory only.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ are dismissed on the motion of the government.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 9, 2012
Date of Imposition of Judgment

/S/ Jimm Larry Hendren
Signature of Judge

Honorable Jimm Larry Hendren, Chief United States District Judge
Name and Title of Judge

February 9, 2012
Date

DEFENDANT: KIMBERLY K. O'DELL
CASE NUMBER: 5:10CR50119-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **one hundred eight (108) months on each of Counts One through Ten, terms to run concurrently, and twelve (12) months on Count Eleven, term to run concurrently with Counts One through Ten.**

☐ The court makes the following recommendations to the Bureau of Prisons:

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

USDC Arkansas Western

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Case 5:10-cr-50119-BSM Document 44 Filed 06/20/11 Page 3 of 6 PageID #: 125
Case 4:19-cr-00238-BSM Document 1-1 Filed 06/04/19 Page 12 of 20 PageID #: 51

Judgment—Page __3__ of __6__

DEFENDANT: KIMBERLY K. O'DELL
CASE NUMBER: 5:10CR50119-001

## SUPERVISED RELEASE

Defendant is placed on supervised release for a term of: __three (3) years on each of Counts One through Ten, terms to run concurrently, and one (1) year on Count Eleven, term to run concurrently with Counts One through Ten__ which terms shall commence immediately upon her release from the Bureau of Prisons.

1. Accordingly, within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

2. The defendant shall not commit any federal, state or local crimes; she shall be prohibited from possessing a firearm or any other dangerous device; and she shall not use, possess, or have anything at all to do with a controlled substance.

3. The defendant shall be required to comply with the mandatory drug testing provisions of 18 U.S.C. § 3583(d).

4. The defendant shall comply with the DNA collection provisions of 18 U.S.C. § 3583(d).

5. If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

6. The defendant shall comply with the Standard Conditions of Supervised Release as recommended by the United States Sentencing Commission and as set out below on this page of the judgment, as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) the defendant shall – as directed by the probation officer – notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: KIMBERLY K. O'DELL
CASE NUMBER: 5:10CR50119-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not incur any new debt or establish any bank or credit accounts without receiving prior approval from the U.S. Probation Officer, and she shall make any information concerning her financial status available to the probation officer upon request. This condition shall remain in effect until such time that any and all financial penalties have been paid in full.

2. The defendant shall submit to inpatient or outpatient substance abuse testing, evaluation, counseling, and/or treatment, as deemed necessary and under the direction of the U.S. Probation Office.

USDC Arkansas Western

DEFENDANT: KIMBERLY K. O'DELL
CASE NUMBER: 5:10CR50119-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 1,025.00 | $ 150,000.00 | $ 1,561,069.96 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Tom or Monica Terminella<br>24 East Meadow Street<br>Fayetteville, AR 72701 | | $1,313,769.96 | 80% |
| Phi Delta Theta Fraternity<br>Attn: Lisa Higgins<br>111 North Church Avenue<br>Fayetteville, AR 72701 | | $147,300.00 | 10% |
| Chartis Insurance<br>Attn: Claim #165-034025<br>P. O. Box 105795<br>Atlanta, GA 30348-9864 | | $100,000.00 | 10% |
| TOTALS | $ 0 | $ 1,561,069.96 | 100% |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X the interest requirement is waived for the    X fine    X restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

USDC Arkansas Western

DEFENDANT: KIMBERLY K. O'DELL
CASE NUMBER: 5:10CR50119-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  X  Lump sum payment of $ __1,712,094.96__ due immediately, balance due

    ☐ not later than _____ , or
    X in accordance ☐ C, ☐ D, ☐ E, or X F below; or

B  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

If not paid immediately, any unpaid financial penalty imposed shall be paid during the period of imprisonment in quarterly installments of $25.00 or 10% of the defendant's quarterly earnings, whichever is greater. After imprisonment, any unpaid financial penalty shall be paid during the period of supervised release in monthly installments of $200.00 or 10% of the defendant's net monthly household income, whichever is greater, with the entire balance to be paid in full no later than one month prior to the end of the 3-year period of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

USDC Arkansas Western

CLOSED,TRANSF

# U. S. District Court
## Western District of Arkansas (Fayetteville)
## CRIMINAL DOCKET FOR CASE #: 5:10−cr−50119−TLB−1

| | |
|---|---|
| Case title: USA v. O'Dell | Date Filed: 11/04/2010 |
| | Date Terminated: 02/09/2012 |

Assigned to: Honorable Timothy L. Brooks

**Defendant (1)**

**Kimberly K. O'Dell**  represented by  **Kenneth L. Osborne**
*TERMINATED: 02/09/2012*  Attorney at Law
 P.O. Box 1345
 Fayetteville, AR 72702
 (479) 521−7727
 Fax: (479) 521−0734
 Email: ozzylaw@yahoo.com
 *ATTORNEY TO BE NOTICED*
 *Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1343 − WIRE FRAUD (1s−6s) | SENTENCED TO 108 MONTHS IMPRISONMENT ON EACH OF COUNTS 1−10, TERMS TO RUN CONCURRENTLY AND 12 MONTHS ON COUNT 11 TO RUN CONCURRENTLY WITH COUNTS 1−10; 3 YEARS SUPERVISED RELEASE ON EACH OF COUNTS 1−10 TO RUN CONCURRENTLY AND 1 YEAR ON COUNT 11 TO RUN CONCURRENTLY WITH COUNTS 1−10; $1,025.00 SPECIAL ASSESSMENT; $150,000.00 FINE AND $1,561,069.96 RESTITUTION |
| 18:1957(a)&18:2 − ENGAGING IN MONETARY TRANSACTIONS AND AIDING AND ABETTING (7s−10s) | SENTENCED TO 108 MONTHS IMPRISONMENT ON EACH OF COUNTS 1−10, TERMS TO RUN CONCURRENTLY AND 12 MONTHS ON COUNT 11 TO RUN CONCURRENTLY WITH COUNTS 1−10; 3 YEARS SUPERVISED RELEASE ON EACH OF COUNTS 1−10 TO RUN CONCURRENTLY AND 1 YEAR ON COUNT 11 TO RUN CONCURRENTLY WITH COUNTS 1−10; $1,025.00 SPECIAL ASSESSMENT; $150,000.00 FINE AND $1,561,069.96 RESTITUTION |
| 31.333 − MISUSE OF DEPARTMENT OF TREASURY | SENTENCED TO 12 MONTHS ON COUNT 11 TO RUN CONCURRENTLY WITH COUNTS |

| NAME (11s) | 1−10; 1 YEAR SUPERVISED RELEASE ON COUNT 11 TO RUN CONCURRENTLY WITH COUNTS 1−10; $1,025.00 SPECIAL ASSESSMENT; $150,000.00 FINE AND $1,561,069.96 RESTITUTION |
|---|---|

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1343 − WIRE FRAUD (1−6) | SUPERSEDING INDICTMENT FILED 5/25/11 |
| 18:1957(a)& 18:2 − ENGAGING IN MONETARY TRANSACTIONS AND AIDING AND ABETTING (7−10) | SUPERSEDING INDICTMENT FILED 5/25/11 |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| **USA** | represented by | **W. L. Johnson** U.S. Attorney's Office P.O. Box 1524 414 Parker Avenue Fort Smith, AR 72902 (479) 783−5125 Fax: (479) 441−0578 Email: kenny.elser@usdoj.gov *ATTORNEY TO BE NOTICED* |
|---|---|---|

Email All Attorneys (Primary Address)
Email All Attorneys (Primary and Secondary Address)

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/04/2010 | 1 | | INDICTMENT as to Kimberly K. O'Dell (1) count(s) 1−6, 7−10. (jas) (Entered: 11/08/2010) |
| 11/04/2010 | 2 | | Citation Sheet as to Kimberly K. O'Dell. (jas) (Entered: 11/08/2010) |
| 11/04/2010 | 3 | | Citation Calendar as to Kimberly K. O'Dell. (jas) (Entered: 11/08/2010) |

| 11/04/2010 | | | Case sealed as to Kimberly K. O'Dell. (jas) (Entered: 11/09/2010) |
| 11/05/2010 | | | Arrest Warrant Issued as to Kimberly K. O'Dell. (jas) (Entered: 11/08/2010) |
| 05/25/2011 | 4 | | SUPERSEDING INDICTMENT as to Kimberly K. O'Dell (1) count(s) 1s−6s, 7s−10s, 11s. (tg) (Entered: 05/31/2011) |
| 05/25/2011 | 5 | | Citation Calendar as to Kimberly K. O'Dell. (tg) (Entered: 05/31/2011) |
| 05/25/2011 | 6 | | Citation Sheet as to Kimberly K. O'Dell. (tg) (Entered: 05/31/2011) |
| 05/26/2011 | | | Arrest Warrant Issued as to Kimberly K. O'Dell. (tg) (Entered: 05/31/2011) |
| 06/15/2011 | | | Arrest of Kimberly K. O'Dell in Eastern District of Louisiana. (tg) (Entered: 06/24/2011) |
| 06/24/2011 | 7 | | Rule 5 Documents Received from Eastern District of Louisiana as to Kimberly K. O'Dell. (Attachments: # 1 Commitment To Another District, # 2 Letter from the Eastern District of Louisiana, # 3 Initial Appearance, Superceding Indictment, Calendar, # 4 Detention Hearing, # 5 Detention Order Pending Trial, # 6 Waiver of Rule 5 & 5.1 Hearings, Financial Affidavit held in Clerk's office(tg) (Additional attachment(s) added on 6/24/2017: # 7 CJA23) (jn). (Entered: 06/24/2011) |
| 07/13/2011 | | | **TEXT ONLY ORDER Setting Hearing as to Kimberly K. O'Dell: Arraignment set for 7/15/2011 10:00 AM in Fayetteville −− 5th flr (Rm 509) before Honorable Erin L. Setser. Signed by Honorable Erin L. Setser on July 13, 2011. (gh) (Entered: 07/13/2011)** |
| 07/15/2011 | 8 | | CJA 20 as to Kimberly K. O'Dell: Order appointing Kenneth Osborne to represent defendant. Signed by Honorable Erin L. Setser on July 15, 2011. (rw) (Entered: 07/15/2011) |
| 07/15/2011 | | | Case unsealed as to Kimberly K. O'Dell. (gh) (Entered: 07/15/2011) |
| 07/15/2011 | 9 | | Minute Entry for proceedings held before Honorable Erin L. Setser: Arraignment as to Kimberly K. O'Dell (1) Count 1s−6s,7s−10s,11s held on 7/15/2011; Attorney Ken Osborne for Kimberly K. O'Dell present. Not guilty plea entered. Defendant waived issue of detention. Defendant remanded to custody of U.S. Marshals Service. Jury Trial set for 9/1/2011 08:30 AM in Fayetteville −− 5th flr (Rm 509) before Honorable Jimm Larry Hendren. (Court Reporter Gina Hellums) (gh) (Entered: 07/15/2011) |
| 07/15/2011 | 10 | | CJA 23 Financial Affidavit by Kimberly K. O'Dell. **This is a text only entry − no document is attached. THE ORIGINAL IS FILED UNDER SEAL WITH THE COURT.** (gh) (jn). (Entered: 07/15/2011) |
| 07/15/2011 | 11 | | **ORDER OF DETENTION as to Kimberly K. O'Dell. Defendant waived the issue of detention. Signed by Honorable Erin L. Setser on July 15, 2011. (gh) (Entered: 07/15/2011)** |
| 07/15/2011 | 12 | | **PRETRIAL SCHEDULING ORDER as to Kimberly K. O'Dell, establishing pretrial deadlines and setting case for jury trial on September 1, 2011, at 8:30 a.m. Signed by Honorable Erin L. Setser on July 15, 2011.** |

| | | | |
|---|---|---|---|
| | | | (gh) (Entered: 07/15/2011) |
| 07/21/2011 | 13 | | Arrest Warrant Returned Executed on 6/15/2011 as to Kimberly K. O'Dell. (adw) (Entered: 07/21/2011) |
| 08/24/2011 | | | **TEXT ONLY ORDER Setting/Resetting Hearings as to Kimberly K. O'Dell: Jury trial cancelled. Change of Plea Hearing set for 9/8/2011 03:30 PM in Fayetteville −− 5th flr (Rm 509) before Honorable Jimm Larry Hendren. Signed by Honorable Jimm Larry Hendren on August 24, 2011. (gg) (Entered: 08/24/2011)** |
| 09/08/2011 | 14 | | Minute Entry for proceedings held before Honorable Jimm Larry Hendren: Change of Plea Hearing as to Kimberly K. O'Dell held on 9/8/2011. Plea entered by Kimberly K. O'Dell (1) Guilty Count 1s−6s,7s−10s,11s. (Court Reporter Theresa Sawyer) (adw) (Entered: 09/09/2011) |
| 09/08/2011 | 15 | | PLEA AGREEMENT as to Kimberly K. O'Dell. (adw) (Entered: 09/09/2011) |
| 12/07/2011 | | | TEXT ONLY SCHEDULING NOTICE as to Kimberly K. O'Dell. Sentencing set for 1/27/2012 01:30 PM in Fayetteville −− 5th flr (Rm 509) before Honorable Jimm Larry Hendren. (gg) (Entered: 12/07/2011) |
| 01/20/2012 | 16 | | SENTENCING MEMORANDUM by USA as to Kimberly K. O'Dell (Johnson, Wendy) (Entered: 01/20/2012) |
| 01/26/2012 | | | **TEXT ONLY ORDER Setting/Resetting Hearings as to Kimberly K. O'Dell: Sentencing RESET for 2/9/2012 01:30 PM in Fayetteville −− 5th flr (Rm 509) before Honorable Jimm Larry Hendren. Signed by Honorable Jimm Larry Hendren on January 26, 2012. (gg) (Entered: 01/26/2012)** |
| 02/09/2012 | 17 | | AMENDED PLEA AGREEMENT as to Kimberly K. O'Dell. (gg) (Entered: 02/09/2012) |
| 02/09/2012 | 18 | | Minute Entry for proceedings held before Honorable Jimm Larry Hendren: Sentencing as to Kimberly K. O'Dell held on 2/9/2012. (Court Reporter Theresa Sawyer) (gg) (Entered: 02/09/2012) |
| 02/09/2012 | 19 | | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Kimberly K. O'Dell.<br><br>**This is a text only entry − no document is attached. THE ORIGINAL IS FILED UNDER SEAL WITH THE COURT.**<br><br>(gg) (gg). (Entered: 02/09/2012) |
| 02/09/2012 | 20 | | STATEMENT OF REASONS as to Kimberly K. O'Dell.<br><br>**This is a text only entry − No Document is attached. THE ORIGINAL IS FILED UNDER SEAL WITH THE COURT.**<br><br>Signed by Honorable Jimm Larry Hendren on February 9, 2012. (tg) (gg). (Entered: 02/09/2012) |
| 02/09/2012 | 21 | | **JUDGMENT as to Kimberly K. O'Dell (1), Count(s) 1−6, 7−10, SUPERSEDING INDICTMENT FILED 5/25/11; Count(s) 1s−6s, 7s−10s, Count(s) 11s, SENTENCED TO 108 MONTHS IMPRISONMENT ON** |

| | | |
|---|---|---|
| | | **EACH OF COUNTS 1−10, TERMS TO RUN CONCURRENTLY AND 12 MONTHS ON COUNT 11 TO RUN CONCURRENTLY WITH COUNTS 1−10; 3 YEARS SUPERVISED RELEASE ON EACH OF COUNTS 1−10 TO RUN CONCURRENTLY AND 1 YEAR ON COUNT 11 TO RUN CONCURRENTLY WITH COUNTS 1−10; $1,025.00 SPECIAL ASSESSMENT; $150,000.00 FINE AND $1,561,069.96 RESTITUTION. Signed by Honorable Jimm Larry Hendren on February 9, 2012. (cc: U.S. Marshals Service−Certified)(jn) (Entered: 02/09/2012)** |
| 05/17/2019 | | TEXT ONLY MEMO OF REASSIGNMENT as to Kimberly K. O'Dell. Case reassigned to Honorable Timothy L. Brooks. Honorable Jimm Larry Hendren no longer assigned to the case. (Per probatation office) (src) Modified on 5/20/2019 (src). (Entered: 05/17/2019) |
| 06/04/2019 | 22 | TRANSFER OF JURISDICTION by Probation Office to Eastern District of Arkansas as to Kimberly K. O'Dell Transmitted Transfer of Jurisdiction form, with copies of indictment, judgment and docket sheet. (tg) (Entered: 06/04/2019) |